UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LAKSANA P. SIMANGUNSONG,

    Plaintiff,

    v.

THE ALASKA VICTORY, et al.,

    Defendant.

CASE NO. C04-458JLR

ORDER

    This matter comes before the court upon Defendants' Motion to Dismiss (Dkt. # 34). Having reviewed the pleadings and supplemental materials filed in support and in opposition to the motion, the court rules as follows.

    By order dated November 14, 2004, the court directed that Plaintiff Simangunsong ("Simangunsong") attend an IME before the end of the discovery period (June 13, 2005). This ruling was caused by problems Simangunsong was having regarding returning to the United States, and based on the submissions from Simangunsong's counsel and his immigration attorney, Mr. Merrell. Defendants, by their current motion, seek to dismiss this matter based on Simangunsong's failure to appear for his IME.

    In response, Simangunsong has filed another declaration of David Merrell (Dkt. # 37), a request that the trial date be moved from October 11, 2005 to April 10, 2006, and that a new pretrial schedule be entered. The Honorable Thomas S. Zilly, the original trial judge in this case, denied Simangunsong's first motion for a continuance (Dkt. # 7). The

ORDER – 1

present court continued the trial date from April 11, 2005 to October 11, 2005 to accommodate Simangunsong's immigration situation.

Simangunsong's ability to return to the United States is problematic. Based on attorney Merrell's May 31, 2005 Declaration, it appears that Simangunsong is seeking an "advance parole or humanitarian/public interest parole" to return to the United States. The timing of this application is not disclosed in the declaration, but the court notes that the application package will be delivered by courier to a representative of the Department of Homeland Security the day after Mr. Merrell signed his declaration. Merrell Decl., 14. The "advance parole" procedure is described in the Merrell Declaration as "an extraordinary discretionary remedy." Id. at ¶ 15.

This action, filed on February 27, 2004, arises from an alleged personal injury suffered on October 15, 2001. Simangunsong's inability to enter the United States is based on his removal for having been in this country unlawfully. The court is mindful that Simangunsong should be allowed a fair opportunity to have his claim heard. Sigliano v. Mendoza, 642 F.2d 309 (9th Cir. 1981). The court is equally mindful, however, of the Defendants' right to have an expeditious resolution of the claim made against them. Applying the five-factor test applicable to Fed. R. Civ. P. 41, the court finds that dismissal is justified in this matter. In re Eisen, 31 F.3d 1447 (9th Cir. 1994).

Defendants' Motion to Dismiss is GRANTED as follows: Plaintiff Simangunsong is ORDERED to attend an IME with a physician selected by Defendants by June 13, 2005, or Defendants shall be entitled to submit an order of dismissal.

Dated this 6th day of June, 2005.

s/James L. Robart
_____
JAMES L. ROBART
United States District Judge

ORDER – 2