UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAKSANA P. SIMANGUNSONG,<br><br>Plaintiff,<br><br>v.<br><br>THE ALASKA VICTORY, et al.,<br><br>Defendants. | CASE NO. C04-458JLR<br><br>ORDER |

## I. INTRODUCTION

This matter comes before the court on Plaintiff's motion to amend his complaint to withdraw his jury demand (Dkt. # 49). For the reasons stated below, the court GRANTS the motion.

## II. BACKGROUND

Plaintiff brought this action for personal injuries he sustained aboard the ALASKA VICTORY. In his complaint he invoked this court's jurisdiction "at law" under the Jones Act (46 U.S.C. app. § 688), as well as the court's federal question jurisdiction and its jurisdiction of admiralty and maritime cases. He did not invoke the court's diversity jurisdiction. The complaint demanded a jury trial solely as to damages.

In their answer Defendants demanded a jury trial as to all issues under Fed. R. Civ. P. 38(c).

ORDER – 1

Plaintiff now seeks to amend his complaint to withdraw his jury demand. Defendants object to the amendment under Fed. R. Civ. P. 15(a) ("Rule 15(a)"), Fed. R. Civ. P. 38 ("Rule 38") and Fed. R. Civ. P. 39 ("Rule 39").

### III. ANALYSIS

Construing this motion purely as one to amend Plaintiff's complaint, the court would grant the motion. Under the familiar standards of Rule 15(a), the court is to grant leave to amend "freely where justice so requires." In deciding whether to allow an amendment, the court considers the party's delay in seeking leave to amend, bad faith of the amending party, the utility of the amendment sought, and potential prejudice to opposing parties. United States v. Pend Oreille Pub. Util. Dist., 926 F.2d 1502, 1511 (9th Cir. 1991). Ultimately, the decision to grant or deny leave to amend is within the court's discretion. Foman v. Davis, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962).

Defendants insist that trying this matter before the court rather than a jury will prejudice it, but fails to offer any support for its conclusion. They point to "differences in preparation and possible outcomes" between a jury and a bench trial. The court agrees that there are differences, but these differences do not constitute prejudice. It is unquestionably less burdensome for the parties to try a case before the court than a jury, and the court cannot construe Defendants' hope for a better outcome before the jury as an element of prejudice.

Defendants fare no better under Rule 38 and Rule 39. They contend that they have properly demanded a jury trial under Rule 38(c), and that in the alternative, Plaintiff cannot withdraw its jury demand without consent of other parties under Rule 38(d) and Rule 39(a)(1). The court must read these subparts of Rule 38 and Rule 39 in conjunction with Rule 38(e), which prohibits the court from construing the federal rules to "create a

ORDER – 2

right to trial by jury of the issues in an admiralty or maritime claim," as well as the Jones Act itself, which permits only a seaman to elect a jury trial. 46 U.S.C. app. § 688(a).

The Fifth Circuit cogently synthesized Rule 38, Rule 39, and the seaman's right to a jury trial under the Jones Act in Rachal v. Ingram Corp., 795 F.2d 1210, (5th Cir. 1986). The Rachal court's approach is consistent with the Ninth Circuit's analysis in Craig v. Atlantic Richfield Co., 19 F.3d 472 (9th Cir. 1994), which cited Rachal favorably. Id. at 476. Under Rachal, no portion of Rule 38 applies to a defendant who seeks to prevent withdrawal of a jury demand on a Jones Act claim absent an independent basis on which to rest the defendant's jury demand. 795 F.2d at 1216-17 (distinguishing Johnson v. Penrod Drilling Co., 469 F.2d 897 (5th Cir. 1972), because the defendant had an independent basis for a right to a jury trial). The court finds the Rachal court's reasoning persuasive and consistent with Ninth Circuit precedent.

Craig and Rachal dispose of Defendants' Rule 38 and Rule 39 arguments. Under Craig, a defendant has no right to demand a jury trial under the Jones Act. 19 F.3d at 476. Thus, the only legal basis for Defendants' jury demand here is Rule 38(c)'s provision for demanding a jury trial on all issues where another party has demanded a jury trial on limited issues. To find that Rule 38(c) was a valid basis for Defendants' jury demand would directly contradict Rule 38(e)'s instruction that the "rules shall not be construed to create a right to trial by jury of the issues in an admiralty or maritime claim . . . ." Defendants' counter-demand for a jury under Rule 38(c) thus had no effect. Hughes v. The Cape Caution, No. C03-0028P, 2003 U.S. Dist. LEXIS 18402, at *4 (W.D. Wash. Mar. 6, 2003).

Under Rachal, the "consent" provision of Rule 38(d) does not apply to a seaman's withdrawal of a jury demand under the Jones Act. The court noted that Rule 39(a) provides the procedural mechanism for implementing Rule 38(d)'s consent requirement.

ORDER – 3

Rachal, 795 F.2d at 1215.  Rule 39(a)(2), however, empowers a court to remove a case from its jury docket when it "finds that a right to trial by jury of some or all of [the] issues does not exist under the Constitution or statutes of the United States."  Fed. R. Civ. P. 39(a)(2); Rachal, 795 F.2d at 1215.  The Rachal court held, consistent with the Craig court's later holding, that the only valid basis for a jury trial under the Jones Act was a seaman's jury demand.  Id. at 1215 ("the Jones Act gives only the seaman-plaintiff the right to choose a jury trial"); 1217 ("Rule 39(a) does not create the right to a jury").  The court thus permitted the seaman to withdraw his jury demand without the defendant's consent, subject only to Rule 15(a).  Id. at 1217.  For the reasons discussed above, the court finds that Plaintiff has satisfied Rule 15(a), and thus may amend his complaint to withdraw his jury demand.

## IV.  CONCLUSION

For the reasons stated above, the court GRANTS Plaintiff's motion (Dkt. # 49) and strikes the jury demand in this action.

Dated this 24th day of August, 2005.

_____
JAMES L. ROBART
United States District Judge

ORDER – 4