UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LAKSANA P. SIMANGUNSONG,

Plaintiff,

v.

THE ALASKA VICTORY, et al.,

Defendants.

CASE NO. C04-458JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on Defendants' motion to exclude testimony from three of Plaintiff's experts (Dkt. # 60). For the reasons stated below, the court GRANTS the motion in part and DENIES it in part.

## II. BACKGROUND

Plaintiff designated Charles Jacobson, Dr. Theodore Becker, and Dr. Daniel Brzusek as potential experts in his February 2004 initial disclosures. At several times during discovery, Plaintiff reiterated his intent to rely on these three experts, but did not disclose their opinions. The court twice extended the deadline for expert discovery while Plaintiff attempted to resolve immigration issues so that he could reenter the United States from Indonesia. Despite the court's extensions, Plaintiff submitted no expert reports in advance of the April 14, 2005 deadline.

ORDER – 1

In June 2005, Plaintiff reentered the United States pursuant to a special exemption from United States Immigration and Customs Enforcement Services.  Soon thereafter, Dr. Brzusek and Dr. Becker examined Plaintiff.  They completed their respective expert reports on June 14 and July 22, 2005.  During the same period, the Defendants' medical expert examined Plaintiff and submitted an expert report.

It is not clear when Plaintiff provided the reports of Dr. Becker and Dr. Brzusek to the Defendants.  Plaintiff's counsel declares that he provided both reports "as soon as [they] were completed."  Dickman Decl. ¶ 3 (Dkt. # 57).  Defense counsel asserts that Defendants were "unaware of the opinions and conclusions of any of plaintiff's experts until their reports were received in August, 2005 . . . ."  Defs.' Mot. at 3.  Defendants offer no declaration or other evidence to support that assertion.

There is no question that Defendants did not receive Mr. Jacobson's report until at least August 18, 2005.  Unlike Dr. Becker and Dr. Brzusek, Mr. Jacobson never met with Plaintiff.  He based his opinion (that the area of the ALASKA VICTORY on which Plaintiff suffered an injury was unsafe) on Plaintiff's deposition transcript, a statement from Plaintiff, and two photos taken onboard the ALASKA VICTORY.

Defendants now seek to exclude all three experts' reports as untimely, and to prevent the experts from testifying at trial.

### III.  ANALYSIS

The court finds "substantial justification" for the late disclosure of Dr. Brzusek's and Dr. Becker's reports under Fed. R. Civ. P. 37(c)(1).  Ordinarily, the court has little tolerance for tardy expert disclosures, but Plaintiff's inability to enter this country until June 2005 makes this case atypical.  All parties were on notice that no physical examination of the Plaintiff could occur until Plaintiff reentered the country.  Once he

was available, Defendants quickly conducted their own expert examination. The court will thus permit Dr. Brzusek and Dr. Becker to testify at trial.

The court orders Plaintiff to make Dr. Becker and Dr. Brzusek available for deposition no later than ten days before trial. The court's finding of "substantial justification" should not be confused with approval of Plaintiff's counsel's conduct with respect to these experts' reports. Counsel could have obviated the need for this motion, which comes one month before trial, by informing Defendants that the two experts were examining Plaintiff, and providing a schedule for disclosing their opinions and for rebuttal discovery if necessary. If Defendants were unwilling to agree to this accommodation, a motion (or even a telephone call) to this court would have made short work of their objection well in advance of trial. Although counsel for both parties share the blame for this eleventh hour discovery dispute, Plaintiff bears the burden of proof at trial, and thus his counsel bears the professional burden of making a better effort to coordinate discovery.

The court now turns to the late disclosure of Mr. Jacobson's report. None of the court's reasoning above applies here. Unlike Dr. Brzusek and Dr. Becker, Mr. Jacobson had no contact with Plaintiff, and could have disclosed his report months ago. Plaintiff's counsel contends that language barriers between himself and his client prevented Mr. Jacobson from receiving meaningful information from Plaintiff until after his deposition. This is a poor excuse. Under even the most minimalist view of professional responsibility, counsel must overcome a language barrier with his client long before this stage in the litigation. Counsel filed this action in February 2004. His inability to communicate with his client effectively enough to inform his expert before July 2005 is inexcusable. Plaintiff may not rely on Mr. Jacobson's report, and Mr. Jacobson will not testify at trial.

ORDER – 3

### IV.  CONCLUSION

For the reasons stated above, the court GRANTS Defendants' motion in part and DENIES it in part (Dkt. # 60).

Dated this 20th day of September, 2005.

JAMES L. ROBART
United States District Judge

ORDER – 4